UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

SHU HUA QIN,

                Plaintiff,

vs.

WILLIAM TAYLOR, *et al.*,

                Defendants.

Case No. 2:15–cv–1075–JAD–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

APPLICATION TO PROCEED INFORMA PAUPERIS (#1)

FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 2 2 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

Before the court is Shu Hua Qin's Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-2). For the reasons stated below, Qin's Application to Proceed *In Forma Pauperis* is granted his complaint should be dismissed with prejudice.

I.   ***In Forma Pauperis* Applications**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

---

[1] Parenthetical citations refer to the court's docket.

1

Here, Qin's application to proceed *in forma pauperis* states that he is unemployed, has $30.00 in a bank account, approximately $1,000.00 of expenses per month in additional to monthly child support payments in the amount of $1,000.00. Accordingly, Qin's application to proceed *in forma pauperis* is granted.

## II.    Section 1915(e) Screening

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). The court's review is guided by two Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw

2

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry

is "a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.* at 679 (citation omitted).

If a court dismisses a complaint under § 1915(e) for failing to comply with Rule 8's requirements,

the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies,

unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.

*See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Qin's complaint should be dismissed with prejudice because the court lacks jurisdiction to hear his

claim. The complaint predicates the court's jurisdiction on 28 U.S.C. 1441, *et seq.*, which grants a federal

district court jurisdiction over "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction." 28 U.S.C. 1441(a). The court does not have original jurisdiction

over Qin's civil action.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377 (1994). Limited jurisdiction means that federal courts: (1) possess only that power

authorized by the Constitution or a specific federal statute, *see, e.g.*, 28 U.S.C. § 1331; 28 U.S.C. § 1332,

and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city,

county, or state in which the court sites. The burden of proving jurisdiction rests on the party asserting

jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936). The Supreme Court

has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S.

8, 11, 4 Dall. 8, 11 (1799). Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any

action as soon as it determines that the court's jurisdictional requirements have not been met.

To demonstrate that the court has jurisdiction, Qin's complaint must show that his action

(1) "aris[es] under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, or (2) is

3

between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). The Ninth Circuit recently determined that the Supreme Court's decision in *Ashcroft v. Iqbal* apples to Rule 8(a)(1). *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir 2014). This means that jurisdictional allegations must be "plausible" and cannot be conclusory.

Here, Qin filed a Notice of Removal in connection with a state-court landlord-tenant action. The dispute does not arise "under the Constitution, laws, or treaties of the United States;" the dispute is not between citizens of different states; and there is no allegation that the amount in controversy exceeds $75,000.00. The court therefore recommends that Qin's complaint be dismissed with prejudice because amendment would be futile.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint (#1-1).

IT IS RECOMMENDED that plaintiffs' Complaint (#1-1) BE DISMISSED with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from

the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of June, 2015.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5